IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00170-PAB-KLM

ORALABS, INC., a Colorado Corporation,

      Plaintiff,

v.

THE KIND GROUP LLC, a New York Limited Liability Company,

      Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Leave to Amend Counterclaims**[1] [#49][2] (the "Motion") pursuant to Fed. R. Civ. P. 15(a)(2). On October 25, 2013, Plaintiff OraLabs, Inc. ("OraLabs") filed a Response to the Motion arguing that the proposed amendment should be denied on the basis of futility and bad faith. *See Response* [#51] at 1-2. On November 11, 2013, Defendant The Kind Group LLC ("Kind Group") filed a Reply in support of the Motion. *See generally Reply* [#54]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.L CivR 72.1C, the Motion is referred to this Court for a recommendation regarding disposition [#50]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised

_____

[1] Defendant seeks to add one new counterclaim to its already existing set of amended counterclaims.

[2] "[#60]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

1

in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#49] be **DENIED**.

## I. Background

This case pertains to Plaintiff's alleged infringement of Defendant's intellectual property rights.  *See Compl.* [#1] at 3.  Plaintiff  initiated this case by filing a Declaratory Judgment action against Defendant after Defendant's former counsel sent Plaintiff a letter requesting that it cease and desist from selling lip balm products that allegedly infringe Defendant's intellectual property rights.  *Id.* at 2-3.  Defendant filed six counterclaims seeking injunctive and monetary relief from Plaintiff.  *Answer and Counterclaims* [#25] at 13-18.  Among these claims, Defendant asserted that Plaintiff's Lip Revo lip balm product infringes its design patent and trade dress rights relating to its own lip balm product and applicator.  *See id.* at 7-16.

On June 3, 2013, the Court granted Defendant's prior Motion to Amend its Counterclaims [#43].  Defendant alleges that at the time it filed its Amended Counterclaims [#44], Plaintiff had not begun selling its Lip Revo lip balm product in the United States.  *Motion* [#49] at 2.  Now that Plaintiff has begun selling Lip Revo in the United States, Defendant alleges that its labeling of the product is false and misleading.  *Id.*  Specifically, Defendant alleges that while Plaintiff advertised that Lip Revo's net weight was seven grams ("7g"), Defendant's test of the product showed that Lip Revo's actual useable weight was less than six grams ("6g").  *Id.* at 1.  Defendant now seeks to further amend its counterclaims to assert a false advertising claim against Plaintiff.  *Id.* at 2-3.

## II. Analysis

2

**A.   Fed. R. Civ. P. 16(b)(2)**

As a preliminary matter, the deadline "to amend pleadings regarding willful infringement or inequitable conduct" is April 30, 2014.  *See Scheduling Order* [#35] at 9. The present Motion was filed on October 25, 2013 and, therefore, is timely.  *Motion* [#51] at 1.  The Court thus next considers any arguments raised by the parties related to whether justice would be served by amendment.

**B.   Fed. R. Civ. P. 15(a)(2)**

The Court should grant leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Although Plaintiff asserts that the Motion should be denied on the basis of futility and bad faith, the Court finds that the proposed amendment would be futile, and denies the Motion on that basis.

The court may deny leave to amend where amendment would be futile.  *Myers v. City of Loveland, Colo.*, No. 12-cv-02317-REB-KLM, 2013 WL 3381276, at *6 (D. Colo. July 8, 2013).  A proposed amendment is futile if the counterclaim, as amended, would be subject to dismissal.  *See Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109-1110 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss . . . a court may dismiss sua sponte when it is patently obvious that the [moving party] could not prevail on the facts alleged, and allowing [it] an opportunity to amend . . . would be futile." (citations omitted)).  In other words, an amendment is futile if it would not

survive a motion to dismiss. *See Bradley v. J.E. Val–Mejias, M.D.*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist.*, 175 F.3d at 859). "In ascertaining whether the [moving party's] proposed amend[ment] is likely to survive a motion to dismiss, the court must construe the [pleading] in the light most favorable to [the moving party], and the allegations . . . must be accepted as true." *Myers*, 2013 WL 4481276, at *6 (citations omitted). Moreover, "[a]ny ambiguities must be resolved in favor of [the moving party], giving [it] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations." *Id.*

Defendant asserts that Plaintiff falsely and misleadingly advertises the quantity of Lip Revo in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *Motion* [#49] at 1. Specifically, Defendant alleges that Lip Revo's label stated that its net weight is 7g (the identical weight of Defendant's lip balm product) when in fact, the useable weight is less than 6g. *Id.*

Plaintiff's Response argues that Defendant's false advertising claim is futile and that, accordingly, the Court should deny leave to amend. *Response* [#51] at 4. Specifically, Plaintiff alleges that the false advertising claim is (1) preempted because the alleged mislabeling would violate the Federal Food, Drug, and Cosmetic Act ("FDCA"), *id.* at 5-6, and (2) insufficiently alleged because the weight listed on the product is not false, misleading, or material to a consumer's purchasing decision, *id.* at 6-8.

Section 43(a) of the Lanham Act states, in relevant part:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

4

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.  15 U.S.C. § 1125(a); *see Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1251-1252 (10th Cir. 1999).  Thus, affirmative misrepresentations are generally actionable pursuant to the Lanham Act.  *Id.* at 1248, 1254 (10th Cir. 1999) (citing *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, No. 96-2459-JWL, 1997 WL 94237 (D. Kan. Feb. 26, 1997)).

However, because no private right of action exists under the FDCA, a plaintiff may not use the Lanham Act as an alternative vehicle by which to seek redress for an FDCA violation.  *Id.* at 1254-1255.  When the Lanham Act and the FDCA overlap, any conduct that amounts to a violation of the FDCA is within the Food and Drug Administration's jurisdiction.  *Id.* at 1255; *see also POM Wonderful LLC v. Coca-Cola Co.*, 679 F.3d 1170, 1175-1176 (9th Cir. 2012), *cert. granted*, 134 S. Ct. 895 (2014).  Moreover, "claims that require direct interpretation and application of the FDCA are not properly recognized because such matters are more appropriately addressed by the FDA, especially in light of Congress's intention to repose in that body the task of enforcing the FDCA."  *Cottrell*, 191 F.3d at 1255; *see Sandoz Pharm. Corp. v. Richardson-Vics, Inc.*, 902 F.2d 222, 230-232 (3d Cir. 1990) (holding that a false advertising claim failed where the defendant advertised

an ingredient that was defined in FDA regulations); *Healthpoint, Ltd. v. Ethex Corp.*, 273 F. Supp. 2d 817, 837 (W.D. Tex. 2001) (citing *United States v. Goodman*, 486 F.2d 847, 855 (7th Cir.1973))("Congress[ intended] that the FDA have discretion to enforce the FDCA and implement[] regulations."); *Dial A Car, Inc. v. Transp., Inc.*, 82 F.3d 484, 490 (D.C. Cir. 1996) (holding that the Lanham Act cannot be used as a "backdoor method" for interpreting and enforcing administrative regulations).

Defendant alleges that Plaintiff's 7g net weight representation is false and misleading because the "useable weight" is allegedly less than 6g. *Motion* [#49] at 1. The FDCA requires a product's "net weight" to be disclosed on the cosmetic's product label in accordance with the "declaration of net quantity of contents" in 21 C.F.R. § 701.13 ("declaration of net quantity").  It states that "[t]he [declaration of net quantity] shall accurately reveal the quantity of cosmetic in the package exclusive of wrappers and other material packed therewith." 21 C.F.R. § 701.13(g).  Thus, determining whether Plaintiff's 7g net weight representation is false or misleading requires an interpretation of the word "accurately" in the FDCA's declaration of net quantity provision. *See Braintree Labs.*, 1997 WL 94237, at *6-8 (dismissing the plaintiff's Lanham Act claim because the issue of whether the defendants' product's claim to be a "dietary supplement" was false or misleading involved interpretation and application of the FDA definition of "dietary supplement").  Specifically, to determine whether Plaintiff's net weight representation was accurate enough to avoid being "false or misleading," the Court first needs to determine how "accurate" the FDA expects net weight representations to be.

For example, the Court would not expect or presume an absolute and literal accuracy requirement, otherwise every product on the market that rounded its content

6

quantity to the nearest gram would be in violation.  Here, if the FDA provision requires a degree of accuracy within one tenth of one gram, then the alleged one gram ("1g") difference between Lip Revo's advertised and true quantity could possibly be characterized as a false and misleading representation.  However, if the FDA provision requires a degree of accuracy within one and a half grams, then the alleged 1g difference would be an acceptable degree of variance despite a true quantity of approximately 6g.  Therefore, Defendant's false advertising claim requires direct interpretation and application of the FDA's definition of "accuracy."  *See Cottrell*, 191 F.3d at 1255.

Accordingly, Defendant's claim here is more properly characterized as an attempt to enforce the FDCA's declaration of net quantity accuracy requirement.  *See Cottrell*, 191 F.3d at 1255 (holding that the plaintiff's Lanham Act claim was preempted in part because it was more properly characterized as an attempt to enforce a federal statute's labeling requirements);  *Braintree Labs.,* 1997 WL 94237, at *6-8 (holding that the plaintiff's claim was preempted because whether a product's claim to be a "dietary supplement" was false or misleading was effectively seeking redress for an FDCA violation); *see Pom Wonderful LLC*, 679 F.3d at 1178 (holding, where the plaintiff claimed that the defendant violated the Lanham Act by advertising juice with 0.3% pomegranate juice and 0.2% blueberry juice as "Pomegranate Blueberry", that Congress decided to entrust matters of labeling to the FDA and the Court lacks its expertise in guarding against juice beverage labeling deception).

Defendant additionally argues that while its false advertising claim may touch on issues covered by the FDCA, its false advertising claim does not require interpretation of any specific provision of the FDCA to reach a resolution.  Specifically, it argues that it may alternatively establish its claim by relying on surveys and other evidence.  *See Reply* [#54]

at 4.  This is not the case.  Perhaps surveys would aid in determining whether consumers actually felt misled when purchasing 6g of Lip Revo while expecting 7g.  However, Defendant's potential ability to establish a Lanham Act claim using surveys is irrelevant where the claim itself requires direct interpretation and application of the FDCA.  *See Cottrell*, 191 F.3d at 1255.

As stated above, because Defendant's claim requires an interpretation of the FDCA's requisite level of accuracy, the claim is preempted.  *See Braintree Labs.,* 1977 WL 94237 at *6-8.  Therefore, the Court finds that Defendant's proposed amendment to its counterclaim  would be futile.  *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (holding that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss).  Because the Court may deny leave to amend if the amendment would be futile, it need not consider Plaintiff's bad faith argument.  *See Bingaman v. Torrez*, No. 12-cv-00400-WJM-CBS, 2012 WL 6762218, at *8 (D. Colo. Nov. 5, 2012) (citing *Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997) (stating that the court may deny a motion to amend based on futility)).  Accordingly, the Court **recommends** that Defendant's Motion [#49] be **denied**.  *Myers*, 2013 WL 3381276, at *6 ("[T]he district court may deny leave to amend where amendment would be futile.").

### III. Conclusion

IT IS RESPECTFULLY **RECOMMENDED**  that the Motion [#49] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b);  *Thomas v. Arn*, 474 U.S. 140, 147-148 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999);  *Talley v. Hesse*, 91 F.3d 1411, 1412-1413 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  March 10, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge