# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ORALABS, INC., a Colorado Corporation,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>THE KIND GROUP LLC, a New York Limited Liability Company, and<br><br>EOS PRODUCTS LLC, a New York Limited Liability Company,<br><br>Defendants and Counterclaim Plaintiffs. | Civil Action No. 1:13-cv-00170-PAB-KLM<br><br><br><br>REDACTED VERSION |

**COUNTERCLAIMANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT THEREOF**

Defendants and Counterclaim Plaintiffs, The Kind Group LLC and eos Products LLC (collectively, "Kind Group") hereby respectfully move for summary judgment pursuant to Fed. R. Civ. P. 56 that the patent at issue, U.S. Patent No. D644,939 (the '939 Patent"), is valid and that Kind Group's eos Smooth Sphere trade dress (the "eos Trade Dress") is not functional.

**I.     INTRODUCTORY STATEMENT AND PROCEDURAL HISTORY**

Kind Group introduced its innovative eos Smooth Sphere lip balm product, which features a distinctive, egg-shaped, colorful container, in 2009. Plaintiff and Counterclaim Defendant OraLabs, Inc. ("OraLabs") subsequently introduced a competing "Lip Revo" lip balm product in an egg-shaped, colorful container, to retailers—including many that already sold the original eos Smooth Sphere lip balm product—in early 2013.

Upon learning of the Lip Revo product, Kind Group sent OraLabs a cease and desist letter on January 18, 2013. (Dkt. No. 1, Complaint, Ex. D (filed 1/24/13).) OraLabs responded by filing the current declaratory judgment lawsuit on January 24, 2013. (Dkt. No. 1, Complaint (filed 1/24/13).) Kind Group counterclaimed for infringement of its trade dress and design patent rights, and related state law unfair competition and unjust enrichment claims (Dkt. No. 25, Answer and Counterclaims (filed 3/26/13)), and later amended its Counterclaims to add eos Products LLC as a co-counterclaimant (Dkt. No. 129, Second Amended Counterclaims (filed 9/15/14)).

## II.  JURISDICTIONAL STATEMENT

This Court has original subject matter jurisdiction over Kind Group's design patent and trade dress infringement claims pursuant to, 35 U.S.C. §§ 1 *et seq.*; 15 U.S.C. §§1051 *et seq.*; and 28 U.S.C. §§ 1331 & 1338. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## III.  STATEMENT OF UNDISPUTED MATERIAL FACTS

**Kind Group's Design Patent Rights**

1. U.S. Patent No. D644,939 ("the '939 Patent") issued on September 13, 2011 and identifies The Kind Group LLC as the assignee on its face. (Stitt Dec. Ex. 1 at 1 (USD644,939); Dkt. No. 129, Second Amended Counterclaims, ¶ 11, Ex. 1 at 1 (filed 9/15/14); Dkt. No. 1, Complaint, ¶ 7, Ex. B at 1 (filed 1/24/13).)[1]

---

[1] All citations to "Stitt Dec. Ex." shall refer to exhibits to the Declaration of Tracy A. Stitt, Esq. in Support of Counterclaimants' Motion for Partial Summary Judgment, filed concurrently herewith.

2. U.S. Patent No. D554,529 issued to Green et al. on Nov. 6, 2007 (the "Green '529 Patent"), and is listed as cited prior art on the face of the '939 Patent. (Stitt Dec. Ex. 2 at 1 (USD554,529); Stitt Dec. Ex. 1 at 2; Dkt. No. 1, Complaint, Ex. B at 2 (filed 1/24/13).)

3. U.S. Patent No. D564,900 issued to Green et al. on March 25, 2008 (the "Green '900 Patent"), and is listed as cited prior art on the face of the '939 Patent. (Stitt Dec. Ex. 3 at 1 (USD564,900); Stitt Dec. Ex. 1 at 2; Dkt. No. 1, Complaint, Ex. B at 2 (filed 1/24/13).)

4. U.S. Patent No. D592,064 issued to Kilany on May 12, 2009 (the "Kilany '064 Patent"), and is listed as cited prior art on the face of the '939 Patent. (Stitt Dec. Ex. 4 at 1 (USD592,064); Stitt Dec. Ex. 1 at 2; Dkt. No. 1, Complaint, Ex. B at 2.)

5. OraLabs' invalidity expert, Mr. Michael Thuma, testified that the Green '900 Patent is "not basically the same" as the '939 Patent. (Stitt Dec. Ex. 5, Thuma Tr. 86:10-14.)

6. The '939 Patent" identifies Jonathan Teller as the inventor on its face. (Stitt Dec. Ex. 1 at 1 (USD644,939); Dkt. No. 129, Second Amended Counterclaims, ¶ 11, Ex. 1 at 1 (filed 9/15/14); Dkt. No. 1, Complaint, ¶ 8, Ex. B at 1 (filed 1/24/13).)

7. Kind Group is also listed as the assignee on the face of the following design patents: U.S. Design Patent No. 625,469 (Stitt Dec. Ex. 6 at 1 (USD625,469)), and U.S. Design Patent No. 631,204 (Stitt Dec. Ex. 7 at 1 (USD631,204)).

**Kind Group's Trade Dress Rights**

8. Kind Group first sold the eos Smooth Sphere lip balm product incorporating the eos Trade Dress in March of 2009. (Dkt. No. 129, Second Amended Counterclaims, ¶ 12 (filed 9/15/14); Stitt Dec. Ex. 8 at 2 (Int. No. 10); Stitt Dec. Ex. 9 (EOS0011366).)

9. ███████████████████████████████████████████████

███████████████████████████████ (Stitt Dec. Ex. 10, Welsh Tr. 196:4-11.)

3

10.  ███████████████████████████████████████████████████████

███████████ (Stitt Dec. Ex. 11, Schlatter 4/22 Tr. 79:3-5.)

11. There are alternative lip balm containers on the market that do not incorporate the eos Trade Dress. (Stitt Dec. Ex. 11, Schlatter 4/22 Tr. 31:11-33:6, 74:3-77:24, 90:24-91:6, 280:13-24; Stitt Dec. Ex. 10, Welsh Tr. 194:21-195:17, Stitt Dec. Ex. 12, Kapec Rep. ¶¶ 4.7-4.11, pp. 45-116; Stitt Dec. Ex. 13; Stitt Dec. Ex. 14 at 16 (OL0001475).)

12. OraLabs produces lip balm in alternative containers, including sticks. (Stitt Dec. Ex. 11, Schlatter 4/22 Tr. 43:19-48:18, 74:3-77:24; Stitt Dec. Ex. 14 at 16 (OL0001475).)

13. The eos Trade Dress results from a more expensive method of manufacture than available alternatives of a stick, pot or tube. (Stitt Dec. Ex. 12, Kapec Rep., ¶¶ 1.2, 3.1, 4.1-4.13, pp. 128-163.)

14. ███████████████████████████████████████████████████████

███████████. (Stitt Dec. Ex. 11, Schlatter 4/22 Tr. 92:3-93:7 .)

15. Kind Group owns U.S. Trademark Reg. No. 3,788,970 for the three-dimensional configuration of the packaging for the eos Smooth Sphere lip balm on the Supplemental Register, filed on March 4, 2009. (Stitt Dec. Ex. 15 (Reg. No. 3,788,970).)

16. On July 1, 2013, Kind Group filed U.S. Trademark Application Serial No. 85/974,868 for the three-dimensional configuration of the packaging for the eos Smooth Sphere lip balm on the Principal Register under Section 2(f) of the Trademark Act, alleging secondary meaning. (Stitt Dec. Ex. 16 (App. Ser. No. 85/974,868).)

17. U.S. Trademark Application Serial No. 85/974,868 was approved for publication on April 22, 2014, and published in the Official Gazette on June 10, 2014. (Stitt Dec. Ex. 17 at 3; Stitt Dec. Ex. 18.)

## IV. ARGUMENT

Summary judgment is appropriate if a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party need not "produce evidence showing the absence of a genuine issue of material fact[; rather,] the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2004) ("If the moving party does not bear the burden of proof at trial on a dispositive issue, that party may make such a showing simply by indicating to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."). "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

### A. Kind Group Is Entitled To Judgment As A Matter of Law That The Design Claimed In The '939 Patent is Not Functional.

A design patent is presumed valid and non-functional. Thus, it is OraLabs' burden to prove by clear and convincing evidence that the design claimed in the '939 Patent is functional. 35 U.S.C. § 282; *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1563 (Fed. Cir. 1988) (affirming grant of summary judgment of nonfunctionality of shoe design patent).

Functionality must be evaluated based on the overall appearance of the patented design rather than any individual design feature. *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993); *Colida v. Sony Corporation*, No. 95-1375, 1995 U.S. App. LEXIS 32085, at *5 (Fed. Cir. Nov. 16, 1995). A patented design is primarily functional when its overall appearance is "dictated by" the use or purpose of the article. *L.A. Gear, Inc.*, 988 F.2d at

5

1123; *Avia Group*, 853 F.2d at 1563.  "[A] distinction exists between the functionality of an article or features thereof and the functionality of the particular design of such article or features thereof that perform a function.  Were that not true, it would not be possible to obtain a design patent on a utilitarian article of manufacture."  *Avia Group*, 853 F.2d at 1563 (*citing Pacific Furniture Mfg. Co. v. Preview Furniture Corp.*, 800 F.2d 1111, 231 USPQ 67 (Fed. Cir. 1986)).  "If the functional aspect or purpose [of the article] could be accomplished in many other ways … that fact is enough to destroy the claim that this design is primarily functional."  *Id.*

OraLabs can point to no evidence that the overall design claimed in the '939 Patent is functional.  Indeed, the undisputed evidence—including testimony by OraLabs' own witnesses—demonstrates that the overall appearance of the design claimed in the '939 Patent is not dictated by function, and that the purpose of the article can be accomplished in various other ways, such as a stick, tube or pot design (*e.g.*, Chapstick, Blistex and Carmex, respectively).  (Stitt Dec. Ex. 13; Stitt Dec. Ex. 1; Stitt Dec. Ex. 11 Schlatter 4/22 Tr., 31:11-33:6, 74:3-77:24, 90:24-91:6, 280:13-24; Stitt Dec. Ex. 10 Welsh Tr., 194:21-195:17; Stitt Dec. Ex. 12 Kapec Rep., ¶¶ 4.7-4.11.)  Kind Group is entitled to judgment as a matter of law that the '939 Patent is not functional.

    **B.**    **Kind Group Is Entitled To Judgment As A Matter Of Law That The eos Smooth Sphere Trade Dress Is Not Functional.**

In the context of trade dress, "[a] product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article."  *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 851 n.10 (1982); *TrafFix Devices v. Mktg. Displays*, 532 U.S. 23, 32 (2001).  Functionality is evaluated with respect to the trade dress as a whole and "[t]he appropriate inquiry is not whether each individual feature of the trade dress is functional but whether the whole collection of features, taken together, is functional."  *Hartford*

6

*House, Ltd. v. Hallmark Cards, Inc.*, 846 F.2d 1268, 1272 (10th Cir. 1988); *General Motors Co. v. Urban Gorilla, LLC*, No. 2:06-cv-00133-BSJ, 2010 U.S. Dist. LEXIS 136711, at *44-45 (D. Utah Dec. 27, 2010).

The determination of functionality "should turn on 'whether the protection of the [alleged trade dress] would hinder competition or impinge upon the rights of others to compete effectively in the sale of goods" and should rest on "whether alternative appealing designs or presentations of the product can be developed." *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 516-17, 519 (10th Cir. 1987); *General Motors Co. v. Urban Gorilla, LLC*, No. 2:06-cv-00133 BSJ, 2010 U.S. Dist. LEXIS 136711, at *44-45 (D. Utah Dec. 27, 2010) (same); *Hark'n Techs., Inc. v. Crossover Symmetry*, 2013 U.S. Dist. LEXIS 24476, at *3 (D. Utah Feb. 21, 2013) (denying motion to exclude evidence of available alternatives because "the [*TrafFix*] Court did not find that an analysis of competitive necessity was not a valid or relevant test for functionality"). Thus, "the availability of alternative appealing designs is a key factor in determining that a trade dress is nonfunctional." *Happy Sumo Sushi, Inc. v. Yapona, Inc.*, No. 2:08-cv-348, 2008 U.S. Dist. LEXIS 60887, at *15 (D. Utah Aug. 5, 2008)

Kind Group defines its trade dress as follows: the overall appearance of the packaging of its eos Smooth Sphere lip balm product that "consists of a solid colored, substantially spherical plastic container composed of interlocking portions, which join around the middle to encase a substantially hemispherical lip balm product," as depicted in the Second Amended Complaint. (Dkt No. 129, ¶¶ 12-13 (filed 9/15/14).) It is beyond dispute that the eos Trade Dress as a whole is not functional.[2]

---

[2] Pursuant to 15 U.S.C. § 1125(a), Kind Group bears the burden to prove nonfunctionality of unregistered trade dress. Kind Group owns a Supplemental Registration for its trade dress (Stitt Dec. Ex. 15), and has filed an application for the same mark on the Principal Register under

7

OraLabs has not challenged or offered any evidence to rebut the testimony of Kind Group's industrial design expert, Jeffrey Kapec, that the overall design of the eos Trade Dress is not essential to the use or purpose of lip balm. (Stitt Dec. Ex. 12, Kapec Rep. ¶¶ 1.2, 3.1, 4.1-4.11.) ███████████████████████

███████████████████████████████████████

███████████████████████████████ (Stitt Dec. Ex. 10, Welsh Tr. 196:4-11.) ██████████████████████

██████████████████████████████ (Stitt Dec. Ex. 11, Schlatter 4/22 Tr. 79:3-5.) It is undisputed that there are many alternative designs for lip balm packaging available in the market that accomplish the same purpose, such as a stick, tube or pot design (Stitt Dec. Ex. 11, Schlatter 4/22 Tr. 31:11-33:6, 74:3-77:24, 90:24-91:6, 280:13-24, Stitt Dec. Ex. 10, Welsh Tr. 194:21-195:17, Stitt Dec. Ex. 12, Kapec Rep. ¶¶ 4.7-4.11.) Other popular brands, such as ChapStick, Blistex, Carmex, Burt's Bees, Nivea, and Softlips, all use these alternative containers. (Stitt Dec. Ex. 13; Stitt Dec. Ex. 19 (EOS00010399).)

Similarly, OraLabs has neither challenged nor offered any evidence to rebut Mr. Kapec's testimony that the eos Trade Dress results from a *more* expensive method of manufacture than other alternatives (Stitt Dec. Ex. 12, Kapec Rep ¶¶ 1.2, 3.1, 4.12-4.13)—█████████████

███████████████████████████████████████

---

(continued…)

Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f) (Stitt Dec. Ex. 16). The Examiner never even questioned the nonfunctionality of the design during the examination of either application, and on April 22, 2014, approved Kind Group's 2(f) application for publication, finding the evidence of acquired distinctiveness sufficient. (Stitt Dec. Ex. 17.) OraLabs filed a Notice of Opposition with the Trademark Trial and Appeal Board to delay registration of that mark on the Principal Register on October 8, 2014, but did not assert functionality as a basis for its Opposition. OraLabs' nonassertion further demonstrates that there is no genuine dispute as to the nonfunctionality of the eos Trade Dress.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Stitt Dec. Ex. 11, Schlatter 4/22 Tr. 92:3-93:7). Accordingly, no reasonable jury could conclude that the eos Trade Dress as a whole is functional.

The only functionality argument that OraLabs has raised is the alleged functionality of a *single feature* of the eos Trade Dress—the so-called "depression" on the egg:



(*See* Stitt Dec. Ex. 20, Thuma Rep. at 24-25.) Even if the Court accepts that contention as true for purposes of this motion (which it is not)[3], the alleged functionality of a single feature is insufficient as a matter of law to raise a genuine issue of material fact regarding the nonfunctionality of the eos Trade Dress *as a whole*. *Hartford House, Ltd.*, 846 F.2d at 1272 ("Indeed, virtually every product is a combination of functional and non-functional features and a rule denying protection to any combination of features including a functional one would emasculate the law of trade dress infringement.") (*citing American Greetings Corp. v. Dan-Dee Imports, Inc.*, 807 F.2d 1136, 1143 (3d Cir. 1986)); *General Motors Co.*, 2010 U.S. Dist. LEXIS

---

[3] Not even this individual feature is *de jure* functional. OraLabs points to statements in a utility patent owned by Kind Group that merely show that the fact of a depression has *some* function. (Stitt Dec. Ex. 20, Thuma Rep. at 24.) Moreover, OraLabs' own witnesses agree that the alleged function of "accommodating a thumb" can be accomplished in a variety of ways. (Stitt Dec. Ex. 5, Thuma Tr. 146:19-147:19, Stitt Dec. Ex. 11, Schlatter 4/22 Tr. 278:14-279:18.) Thus, the design of this particular notch is nonfunctional.

136711, at *46 ("The question is not whether individual design elements of a trade dress are functional, but whether the trade dress in the aggregate is a functional one."). Kind Group is entitled to judgment as a matter of law that the eos Trade Dress is not functional.[4]

### C. Kind Group Is Entitled To Judgment As A Matter Of Law That The '939 Patent Is Valid.

A design patent is presumed valid in all respects, including novelty and nonobviousness. 35 U.S.C. § 282; *Avia Group Int'l v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1563 (Fed. Cir. 1988) (affirming grant of summary judgment of validity of shoe design patent). OraLabs cannot meet its burden of overcoming that presumption by clear and convincing evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

#### 1. The '939 Patent Is Not Anticipated.

"Design patent anticipation requires a showing that a single prior art reference is 'identical in all material respects' to the claimed invention." *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001) (*quoting Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1461 (Fed. Cir. 1997)). To determine whether a design patent is anticipated, courts compare the claimed design to the prior art using the same "ordinary observer" test that is used for infringement. *See Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1237-40 (Fed. Cir. 2009); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (*en banc*).

---

[4] In its Answer to Kind Group's Second Amended Complaint, OraLabs asserted an affirmative defense that eos Smooth Sphere Trade Dress was generic. (Dkt. No. 130, Answer to Second Amended Counterclaims, at 12, ¶ 6 (filed 10/1/2014).) On October 29, 2014, counsel for OraLabs informed counsel for Kind Group that OraLabs would not be pursuing that affirmative defense. (Stitt Dec. Ex. 21 at 1.) Accordingly, Kind Group is entitled to summary judgment that the eos Smooth Sphere Trade Dress is not generic.

OraLabs' own witnesses concede that none of the references identified in OraLabs' prior art statement anticipate the design claimed in the '939 Patent. (Stitt Dec. Ex. 22, OraLabs' Supp. Prior Art Statement (served 4/1/14); Stitt Dec. Ex. 10, Welsh Tr. 223:16-224:18, 225:3-226:3, 227:20-228:3, 228:13-22, 230:9-16; Stitt Dec. Ex. 20, Thuma Rep. at 24-25; Stitt Dec. Ex. 5, Thuma Tr. 148:8-11, *see also* Stitt Dec. Ex. 23, OraLabs Response to Int. No. 17 at 22 (served 4/16/14).)

The only anticipation argument advanced by OraLabs' invalidity expert, Mr. Thuma, is based on the "assumption that the depression along the rim of the side wall is functional." (Stitt Dec. Ex. 20, Thuma Rep. at 24.) Even assuming for purposes of this motion that Mr. Thuma is correct and what he identifies as the "depression" should be factored out of the design for the anticipation analysis[5], his opinion that the '939 Patent is anticipated by the Green '529 Patent still fails to raise a genuine issue of material fact. First, the Green '529 Patent was examined by the PTO during prosecution of the '939 Patent, and Mr. Thuma admits he does not "think the Patent Office was wrong in issuing the '939 when it considered the '529" *by itself*. (Stitt Dec. Ex. 5, Thuma Tr. 88:4-19); *see BlackBerry Ltd. v. Typo Prods. LLC*, No. 14-cv-00023-WHO, 2014 U.S. Dist. LEXIS 42702, at *15-16 (N.D. Cal. Mar. 28, 2014) ("establishing invalidity over the prior art is even more difficult to meet if the asserted prior art was examined by the PTO and the patent issued over that art.") (internal citations omitted) (*citing Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2249-51 (2011)).

Second, Mr. Thuma admits that (a) his opinion is based on only two features that he identified as common to the Green '529 Patent and the '939 Patent, (b) he did not consider the other differences between the designs, and (c) he did not consider the amount of attention an

---

[5] For the reasons discussed in footnote 3, *supra*, Kind Group disputes the alleged functionality of this feature.

ordinary observer would give these designs as required by the anticipation analysis.  (Stitt Dec. Ex. 5, Thuma Tr. 156:13-158:13, 43:2-7; Stitt Dec. Ex. 24, Thuma Tr. 240:4-25.)  Taking into account the overall appearance, rather than Mr. Thuma's verbal description of it[6], no reasonable jury could conclude that an ordinary observer would confuse the '939 Patent (Fig. 1, below left, Stitt Dec. Ex. 1 at 3) with the Green '529 Patent (Figs. 2 & 3, below right, Stitt Dec. Ex. 2 at 2-3)[7]:



Kind Group is entitled to judgment as a matter of law that the '939 Patent is not invalid as anticipated by any prior art reference identified by OraLabs.

### 2.    The '939 Patent Is Not Obvious.

In determining whether a design patent is obvious, "the ultimate inquiry . . . is whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved."  *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 678 F.3d 1314, 1329 (Fed. Cir. 2012) (quotation omitted).  The framework for determining whether a designer of ordinary skill

---

[6] Mr. Thuma's deposition testimony confirms that his use of a verbal description leads to absurd results.  He was forced to acknowledge that all potential designs that meet his verbal description must give the same overall impression, and indeed be "not different" from the '939 Patent.  (Stitt Dec. Ex. 5, Thuma 180:5-14, 182:7-23, 185:23-186:2, 186:9-12, 186:23-188:8, 189:13-190:6; Stitt Dec. Ex. 25; Stitt Dec. Ex. 26.)

[7] The Green '529 Patent is plainly dissimilar from the '939 Patent.  As shown in Figure 2, the design includes texture on the surface of the applicator, as well as several rings cut out around the base.  Stitt Dec. Ex. 27, Kapec Supp. Rep. ¶¶ 2.1-2.2; *see also* MPEP § 1503.02 (a disclosure of surface treatments is considered *prima facie* evidence that the inventor considered the surface treatment shown as an integral part of the claimed design.); 37 C.F.R. § 1.152.

would combine prior art designs "to create the same overall visual appearance as the claimed design" involves two steps. *Id*. In the first step, "one must find a single reference, 'a something in existence, the design characteristics of which are basically the same as the claimed design.'" *Durling*, 101 F.3d at 103 (*quoting In re Rosen*, 673 F.2d 388, 391 (CCPA 1982)). Only if such a proper "primary reference" exists may other references "be used to modify [the primary reference] to create a design that has the same overall visual appearance as the claimed design." *Id*. Such "secondary references may only be used to modify the primary reference if they are 'so related to the primary reference that the appearance of certain ornamental features in one would suggest the application of those features to the other.'" *Id*. (*quoting In re Borden*, 90 F.3d 1570, 1575 (Fed. Cir. 1996)).

### a. Neither Green Patent Is "Basically the Same" As The '939 Patent.

The "basically the same" test requires consideration of the "visual impression created by the patented design as a whole." *Durling*, 101 F.3d at 103. There can be no obviousness absent a primary reference, and only after a primary reference is found may a court move on to examine secondary references. *Id.* OraLabs has asserted only two potential primary references—the Green '529 Patent and the Green '900 Patent. (Stitt Dec. Ex. 20, Thuma Rep. at 16-28; Stitt Dec. Ex. 5, Thuma Tr. 85:5-15; Stitt Dec. Ex. 2; Stitt Dec. Ex. 3; Stitt Dec. Ex. 28, Woodring Rep. ¶¶ 31, 36.) Both fail to meet the applicable standard as a matter of law. (*See* Stitt Dec. Ex. 28, Woodring Rep. ¶¶ 36, 39-40, 47-48, 61-62, 66-67.)

First, OraLabs' own expert admits that the Green '900 Patent is "not basically the same" as the '939 Patent.[8] (Stitt Dec. Ex. 5, Thuma Tr. 86:10-14.) Mr. Thuma's admission is fatal to

---

[8] He further admits that it is not "basically the same" as the other primary reference he identified, the Green '529 Patent. (Stitt Dec. Ex. 5, Thuma Tr. 87:2-5.)

his obviousness opinions using the Green '900 Patent as a primary reference. No reasonable jury could disagree with his admission:



('939 Patent Fig. 1, above left (Stitt Dec. Ex. 1 at 3); Green '900 Patent Figs. 1 & 5, above right (Stitt Dec. Ex. 3 at 2, 4).) The Green '900 Patent is plainly dissimilar.

Second, OraLabs' assertion that the Green '529 Patent is "basically the same" is based on an analysis that is contrary to law: the disclosure of broad concepts, namely the three "basic [verbal] elements" identified by its expert (Stitt Dec. Ex. 20, Thuma Rep. at 14; Stitt Dec. Ex. 5, Thuma Tr. 77:20-78:8), rather than the overall visual appearances of the two designs (*see* Stitt Dec. Ex. 28, Woodring Rep. ¶¶ 36, 39-40, 47-48, 61-62, 66-67; Stitt Dec. Ex. 29, Woodring Tr. 84:16-22, 85:6-87:15).[9] *Apple, Inc.*, 678 F.3d at 1331-1332 (holding that the analysis of a primary reference must focus on the overall visual appearance of the reference and the claimed design, rather than the disclosure of broad concepts); *Durling*, 101 F.3d at 104 ("The focus in a design patent obviousness inquiry should be on visual appearances rather than design concepts."). As shown in the figures on page 12, *supra*, the overall visual appearance of the Green '529 Patent is not "basically the same" as the '939 Patent.

---

[9] Kind Group has separately moved to exclude the opinions of OraLabs' invalidity expert on the basis of his flawed methodology. (Dkt. No. 131 (filed 10/30/14).) Absent his testimony, OraLabs has no evidence supporting its claim of invalidity. Moreover, "a conflict in the legal opinions of experts creates no dispute of fact." *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1564 (Fed. Cir. 1988).

Kind Group is entitled to summary judgment that neither Green patent qualifies as a primary reference. Because OraLabs did not and cannot identify a proper primary reference, Kind Group is entitled to judgment as a matter of law that the '939 Patent is not invalid as obvious. *Durling*, 101 F.3d at 105 ("Without [] a primary reference, it is improper to invalidate a design patent on grounds of obviousness.").

### b. OraLabs' Obviousness Combinations Are Based On Impermissible Hindsight.

Moreover, OraLabs' obviousness combinations fail as a matter of law for the additional reason that they are based on impermissible hindsight. "A reconstruction of known elements does not invalidate a design patent." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1124 (Fed. Cir. 1993). "If the combined teachings suggest only components of the claimed design but not its overall appearance, a rejection under section 103 is inappropriate." *Avia Group*, 853 F.2d at 1564. (quoting *In re Cho*, 813 F.2d 378, 382 (Fed. Cir. 1987); *In re Harvey*, 12 F.3d 1061, 1063 (Fed. Cir. 1993)). "Obviousness is not determined as if the designer had hindsight knowledge of the patented design." *L.A. Gear, Inc.*, 988 F.2d at 1124.

OraLabs' expert agrees that hindsight is improper, but candidly admits that "it's hard not to have it" (Stitt Dec. Ex. 5, Thuma Tr. 31:3-9, 32:14-17)—and he does. His conclusory opinions on obviousness show that he merely reconstructs the claimed design by cherry-picking elements from the prior art. (*See* Stitt Dec. Ex. 20, Thuma Rep. at 16-28.) Mr. Thuma identifies no motivation to select or combine those particular elements (but not others) with the alleged primary reference in the manner claimed, nor does he explain how he would do so to create the same overall visual impression as the '939 design. (*See id.*, Stitt Dec. Ex. 5, Thuma Tr. 118:23-119:16, 132:20-134:17; *see also* Stitt Dec. Ex. 28, Woodring Rep. ¶¶ 41, 43-44, 49-50, 55, 56, 63, 68, 72.) There is simply no evidence that the overall appearance of the '939 Patent would

have been suggested to a designer of ordinary skill in the art by any combination of prior art references. *Avia Group*, 853 F.2d at 1564; *Yao-Hung Huang v. Marklyn Group Inc.*, No. 11-cv-01765, 2014 U.S. Dist. LEXIS 97861, at *15 (D. Colo. July 18, 2014) ("the trier of fact must identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does") (citations omitted).

Mr. Thuma's use of the Kilany '064 reference illustrates the impermissible hindsight in his analysis. He uses that reference to supply to so-called "local flat" on the side of the '939 design. (Stitt Dec. Ex. 20, Thuma Rep. at 16-28; Stitt Dec. Ex. 5, Thuma Tr. 134:24-137:3.) However, the "dimple" in the Kilany reference not only looks different from the purportedly corresponding feature in the '939 design[10]—it is concave rather than flat and in a different position (Stitt Dec. Ex. 28, Woodring Rep. ¶ 75)—there are *two* "dimples" positioned on opposite sides of the container compared to the single "local flat" in the '939 Patent. (Stitt Dec. Ex. 4 at 4 (Fig. 2); Stitt Dec. Ex. 29, Woodring Tr. 150:9-12.) No doubt using the '939 design as his inspiration, Mr. Thuma imports only one of the "dimples" from the Kilany reference, enlarges it, and then moves it to a different location. He utterly fails to explain why a designer of skill in the art would add one of Kilany's "dimples" without the other, let alone why such a designer would then enlarge, and move, that one "dimple." (Stitt Dec. Ex. 20, Thuma Rep. at 16-28; Stitt Dec. Ex. 5, Thuma Tr. 134:18-137:3; *see also* Stitt Dec. Ex. 28, Woodring Rep. ¶¶ 41, 49, 55, 75.) Hindsight is not obviousness. Kind Group is entitled to judgment as a matter of law that the '939 Patent is not obvious in light of the combinations identified by OraLabs.[11]

---

[10] The '939 design disclaims virtually all of the alleged "local flat" on the side, as that feature appears almost entirely in broken lines. Only a straight edge on the rim of the base in the '939 design is actually part of the claimed design.

[11] Kind Group has also put forth unrebutted evidence of secondary considerations supporting nonobviousness, including the commercial success of the eos Smooth Sphere product,

### D. Kind Group Is Entitled To Judgment As A Matter Of Law On OraLabs' Affirmative Defenses Relating To Inventorship.

Inventorship as set forth on the face of an issued patent is presumed correct, and a party alleging incorrect inventorship must provide clear and convincing evidence supporting what it claims to be the correct inventorship. 35 U.S.C. § 282; *Acromed Corp. v. Sofamor Danek Group*, 253 F.3d 1371, 1379 (Fed. Cir. 2001) (*citing Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997)); *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1461 (Fed. Cir. 1998). As a threshold matter, there must be some evidence that a fact-finder could find reasonable; the allegedly unnamed inventor must first provide credible testimony of the alleged invention that then must be independently corroborated. *GE Co. v. Wilkins*, 750 F.3d 1324, 1330 (Fed. Cir. 2014); *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1374-1375 (Fed. Cir. 2009) ("The purpose of this corroboration requirement is to prevent fraud, namely to provide an additional safeguard against courts being deceived by inventors who may be tempted to mischaracterize the events of the past through their testimony.") (quotation omitted). Thus, to meet its heightened evidentiary burden, OraLabs must identify any alleged co-inventors and prove their respective contributions to the conception of the claimed invention with more than their own uncorroborated testimony. *Martek Biosciences Corp.*, 579 F.3d at 1374-1375.

Oralabs asserts in its second and third affirmative defenses, respectively, that the '939 Patent is unenforceable/invalid for misjoinder and/or nonjoinder of inventors. (Dkt. No. 130, Answer to Second Amended Counterclaims, at 12, ¶¶ 2-3 (filed 10/7/14).) Oralabs provides no

---

(continued…)

and copying of its design (Stitt Ex. 28 Woodring Rep. ¶¶ 89-100). *See Avia Group*, 853 F.2d at 1564.

factual support for its conclusory assertion that inventorship is incorrect. OraLabs' Supplemental Invalidity Contentions, served on April 1, 2014, simply state: "the '939 Patent is invalid either because the inventor listed on the patent did not himself invent the subject matter sought to be patented or because it fails to list an inventor of the patented claim." (Stitt Dec. Ex. 22 at 5.) OraLabs' response to Kind Group's Interrogatory requesting the factual basis for OraLabs' affirmative defenses is equally vague:



(Stitt Dec. Ex. 23 at 2 (Int. 17).) Thus, OraLabs has failed to identify the inventors that it contends should be included on the '939 Patent, and has not provided any independent, corroborating evidence to support its claims of allegedly incorrect inventorship. Accordingly, no reasonable jury could conclude that OraLabs has met its heightened burden to show what it asserts to be the correct inventorship of the '939 Patent.

Moreover, even if OraLabs could meet its burden of proof, any error in the inventorship of the '939 Patent can be corrected by the Court pursuant to 35 U.S.C. § 256, which provides that "the error of omitting inventors or naming persons who are not inventors *shall not invalidate* the patent in which such error occurred if it can be corrected as provided in this section" (emphasis added). Accordingly, Kind Group is entitled to judgment as a matter of law on OraLabs' second and third affirmative defenses. (Dkt. No. 130 at 12, ¶¶ 2-3 (filed 10/7/14).)

## V. CONCLUSION

WHEREFORE, for the reasons stated above, Kind Group respectfully requests that the Court grant its motion for summary judgment on the foregoing issues.

Dated: October 31, 2014

By:

  /s/ Tracy A. Stitt  
John G. Froemming
Tracy A. Stitt
JONES DAY
51 Louisiana Ave, NW
Washington, DC  20001
Telephone:     202-879-3939
Facsimile:      202-626-1700
E-mail:          jfroemming@jonesday.com;
                     tastitt@jonesday.com

Meredith M. Wilkes
John C. Evans
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH  44114
Telephone:     216-586-3939
Facsimile:      216-579-0212
E-mail:          mwilkes@jonesday.com
                     jcevans@jonesday.com

*Attorneys for Defendants/Counterclaimants
The Kind Group LLC and eos Products LLC*

19

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on this 31st day of October, 2014, the foregoing was served electronically via the Court's ECF system to all counsel of record, as listed below:

>Todd P. Blakely
>tblakely@sheridanross.com
>John R. Posthumus
>jposthumus@sheridanross.com
>Patricia Y. Ho
>pho@sheridanross.com
>Justin R. Cruz
>jcruz@sheridanross.com
>Sheridan Ross, P.C.
>1560 Broadway #1200
>Denver, CO 80202-5141
>
>*Attorneys for Plaintiff and Counterclaim Defendant OraLabs, Inc.*

        s/Tracy A. Stitt/
        Attorney for Defendants/
        Counterclaimants