IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00170-PAB-KLM

ORALABS, INC., a Colorado Corporation,

    Plaintiff,

v.

THE KIND GROUP LLC, a New York Limited Liability Company, and
EOS PRODUCTS LLC, a New York Limited Liability Company,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on plaintiff's Opposed Motion to Vacate and Reset Trial Date [Docket No. 294], wherein plaintiff requests that the Court continue an 8-day jury trial currently scheduled for August 17, 2015 and reset the trial for a date after September 2015.  A final pretrial conference took place on February 23, 2015 in front of Magistrate Judge Kristen Mix.  That same day, the trial in this matter was scheduled for August 17.  Docket No. 275.  No party objected to the August 17 trial date.

The basis for plaintiff's motion is that its Chief Executive Officer, Gary Schlatter, is not available for the entire duration of the trial.  *See* Docket No. 294 at 1, ¶ 2. Plaintiff states that Mr. Schlatter will be the "company representative . . . for the duration of the trial." *Id.*  Plaintiff cites two conflicts Mr. Schlatter has during the trial: first, Mr. Schlatter is scheduled to participate in a national trade show in Denver from August 23-28, 2015. *Id.* at 2, ¶ 3.  According to plaintiff, Mr. Schlatter has a full day of meetings

scheduled for Saturday, August 22, and he is involved in preparation for the show, which is "the largest national trade show in the chain drug story [sic] industry," from which plaintiff derives a majority of its revenue. *Id.* Second, plaintiff states that Mr. Schlatter's son will begin his first year of college shortly after the scheduled trial dates and that Mr. Schlatter intends to help his son move. *Id.* at 2, ¶ 4. While Mr. Schlatter's son has not yet made his college choice, several of the schools he is considering have move-in dates that conflict with the trial schedule. *Id.*; *see also* Docket No. 294-1 at 3-4, ¶ 10.

The Court analyzes plaintiff's request to continue the trial under the factors identified in *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). First, the Court finds that plaintiff was not diligent. Plaintiff was on notice of the trial date as of February 23, 2015, but did not file this motion until April 1, 2015, more than a month later. Plaintiff's lack of diligence is compounded by its acknowledgment that the trade show in question was "previously scheduled." Docket No. 294 at 2, ¶ 3. In fact, defendants note that the trade show has been scheduled since August 2014. Docket No. 300 at 6; *see also* Docket No. 300-1 at 1-2, ¶ 2. Second, the Court finds that a continuance would solve the problem of Mr. Schlatter's availability, but with trial lasting eight days, any continuance could create problems with other witnesses' schedules. Thus, while this factor weighs in favor of plaintiff, the Court does not give it much weight.

Third, as for the inconvenience to defendants, defendants note that their witnesses have cleared their schedules in anticipation of the August 17, 2015 trial date and scheduled events for later in the year to avoid conflicts with the trial in this matter,

and that dates from October 2015 to the end of the year have begun to fill up.  Docket No. 300 at 6-7.  While defendants do not cite any precise source of scheduling conflicts (and the Court notes that, in the absence of a proposed alternative trial date, defendants cannot be expected to do so), this factor weighs in favor of defendants.  Fourth, in terms of the harm to plaintiff if the Court denies its motion, plaintiff would not be deprived of Mr. Schlatter's testimony.[1]  Mr. Schlatter's obligations surrounding the trade show, by his own admission, do not begin until August 20, *see* Docket No. 294-1 at 3, ¶ 8, when he has expressed a desire to be present at factory tours for industry personnel, and the earliest move-in date for his son's top college choices is August 19.  *See id.* at 4, ¶ 10.  Finally, as defendants note, many of the move-in dates noted in Mr. Schlatter's declaration conflict with the dates of the trade show, *compare id.* ¶¶ 6-9 (detailing commitments between August 19-28), *with id.* ¶ 10 (listing move-in dates of August 19-22), meaning that conflicts may exist even if the trial is moved.

Moreover, plaintiff has not demonstrated any prejudice that will result from Mr. Schlatter not being present for the duration of the trial; the only harm plaintiff cites is that "it is [Mr. Schlatter's] desire to be the corporate representative of [plaintiff] and to be present and seated at counsel's table throughout the entirety of the trial."  *Id.* at 1, ¶ 4; *see also* Docket No. 294 at 1 (noting that Mr. Schlatter is "the company representative to be present for the duration of the trial").

Upon balancing of the *West* factors, the inconvenience of a continuance clearly outweighs the prejudice to plaintiff.  Wherefore, it is

---

[1] Mr. Schlatter's declaration indicates that he will be a "will call" witness for plaintiff at the trial.  Docket No. 294-1 at 1, ¶ 3.

**ORDERED** that plaintiff's Opposed Motion to Vacate and Reset Trial Date [Docket No. 294] is DENIED.

DATED April 23, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge